1  SCHIFF HARDIN LLP
   Wendi J. Berkowitz
2  Bar No. 145624
   wberkowitz@schiffhardin.com
3  One Market Plaza
   Spear Tower, Suite 3100
4  San Francisco, CA 94105
   Telephone: 415.901.8700
5  Facsimile: 415.901.8701

6  SCHIFF HARDIN LLP
   Malerie Ma Roddy (admitted *pro hac vice*)
7  233 South Wacker Drive
   Suite 7100
8  Chicago, IL 60606
   Telephone: 312.258.5500
9  Facsimile: 312.258.5600

10 Attorneys for Defendant
   DOREL JUVENILE GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| L.M., a minor, by and through his Guardian ad Litem, DANIELLE MOYLAN,<br><br>Plaintiff,<br><br>v.<br><br>DOREL JUVENILE GROUP, INC.,<br><br>Defendant. | Case No. 3:17-cv-01980<br><br>**PROTECTIVE ORDER** |

The Court being fully advised on the premises, IT IS HEREBY ORDERED:

1. This Protective Order shall govern all documents, computer disks, information, and tangible materials which any party shall designate as "confidential."

2. Any party may specifically designate as "confidential" any documents, information, or materials of a proprietary, private, financial, or competitively sensitive nature, or which otherwise implicate any recognized privacy interest, by placing in a conspicuous location a stamp bearing the legend "confidential" or the like.

3. Any party also may designate as confidential any portion of a deposition transcript that it deems to include confidential information.

4. No documents, information or materials designated as "confidential" by another party shall be furnished, shown, or otherwise disclosed to any person unaffiliated with the designating party except the following qualified persons: (1) counsel for the parties, their associate attorneys, paralegal assistants, and clerical employees assisting such counsel and employees; (2) essential employees of the parties with whom it is necessary to consult in connection with the prosecution of this cause; and (3) court reporters and videographers, and (4) outside consultants and experts retained by the parties to consult and/or assist counsel in the preparation and trial of this action. All documents, information, and materials that are designated as confidential shall be used solely for the preparation and trial of this action and for no other purpose.

5. Before any person unaffiliated with the Court, other than counsel of record and counsel's employees, receives or reviews documents, information, or materials designated as "confidential" by another party, he or she shall be provided with a copy of this Protective Order and shall agree in writing to be bound by its terms by executing a copy of the attached "Acknowledgment." Any person executing the attached Acknowledgment shall be vicariously responsible for any violation of this Protective Order effected by any person who has received or reviewed information from the executing person that was designated by another party as "confidential" *and* who has not executed a copy of the attached

- 4 -

"Acknowledgment." The Acknowledgment for an expert or consultant shall initially be held by counsel for the parties receiving confidential information and promptly released to counsel for the designating parties when such expert or consultant is disclosed, receives confidential information if he or she is already disclosed, or at the end of the case, whichever comes first. Counsel for the respective parties also shall maintain a list of each and every person to whom they have disclosed material subject to this Protective Order, with such list available for production to the Court upon an appropriate Order. Counsel of record and counsel's employees need not execute such an Acknowledgment, but are deemed subject to the provisions of this Order by virtue of its entry.

6. All copies, reproductions, extracts, and summaries of documents, answers to interrogatories, responses to requests for admission, testimony and other materials and information, as well as briefs and other Court papers that quote or refer to confidential documents, information, or materials also shall be subject to the provisions of this Protective Order.

7. Whenever filed with the Court for any reason, all designated materials disclosed by any party shall be submitted for filing with the Court under seal pursuant to local rules and shall be kept under seal until further order of the Court. However, such designated materials shall continue to be available to the Court and to such persons who are permitted access to the same under this Protective Order. ~~Where possible, only~~ Only the confidential portions of filings with the Court shall be filed under seal.

8. Nothing contained in this Protective Order shall bar or restrict the parties' attorneys from rendering advice to their respective clients with respect to this litigation, as long as the confidentiality provisions of this Order are otherwise observed. This Protective Order shall not prevent the use of "confidential" documents, information, or materials at a deposition, so long as reasonable notice is

- 5 -

given to the opposing party and the court reporter that the other party will or may use confidential materials, so that the documents, information, or materials shall be disclosed or displayed only upon the implementation of reasonable safeguards to preserve their confidentiality. The use of "confidential" documents at a deposition does not otherwise affect the protection of those documents under the terms of this Protective Order.

9. The inadvertent or unintentional disclosure of "confidential" information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality informs the opposing party of its claim within a reasonable time after learning of the disclosure.

10. Materials designated as "confidential" shall not be placed or deposited in any sort of outside data bank or otherwise be made available through indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses, or any other persons or entities. This paragraph and the other provisions of this Protective Order shall not apply to materials which, if challenged by another party, the Court rules are not entitled to protection.

11. All parties other than the designating party, including non-designating parties' counsel, technical consultants, and/or experts, are prohibited from selling, offering, advertising, publicizing, or providing under any condition, any information provided and designated as "confidential" by the designating party, to any competitor of the designating party.

12. Within thirty (30) days of the conclusion of this case, defined as the latest of the completion of the trial and appeals, if any, in this action, or at the satisfaction of any judgment, or upon conclusion of any settlement, if any, parties

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROTECTIVE ORDER

in receipt of another party's "confidential" documents agree to return or destroy all copies of "confidential" documents, information, or materials to the designating party, excluding counsel of record's original work product. Each party in receipt of designated documents shall deliver to the designating party an affidavit within thirty (30) days of the conclusion of this case certifying that all such "confidential" information and copies thereof, excerpts from and summaries of such information, have been returned to the party who produced such "confidential information," or have been destroyed. The parties shall further provide, within thirty (30) days of the conclusion of this case, affidavits from each testifying or consulting expert to which they have provided such information, certifying their compliance with this provision.

13. If any party elects to challenge a designation of "confidential" made by the other party, the challenging party shall provide written notice to the designating party within thirty (30) days of receipt of the document(s) in question. The notice shall specify by bates number the documents, information, or materials for which the designation is challenged, and the specific and complete basis for the challenge. Thereafter, the provisions of the agreement shall apply to such materials for a period of sixty (60) days only, and shall expire unless the producing party files a motion for protective order from the Court prior to such time. In the event such motion is filed, the terms of this Protective Order shall remain in place as to such documents, information, and materials until the Court rules upon the motion.

14. All materials designated as confidential shall be treated as such pursuant to the terms of this Protective Order until further order of this Court. Such a designation raises no presumption that the information or documents are entitled under the law to protection.

15.  The determination of how any material designated as "confidential" shall be used at the trial of this case, if any, is not made at this time. Rather, any such determination will be made prior to trial.

16.  The terms of this Protective Order shall become effective upon agreement of the parties or entry by the Court, whichever happens first, and shall survive and remain in full force and effect after conclusion of this cause of action. The Court shall retain jurisdiction after the conclusion of this action to enforce the terms of the Protective Order.

DATED this __3rd__ day of __July__, 2017.

_Maline M. Chesney_
DISTRICT COURT JUDGE

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO